

U.S. Department of Justice

Criminal Division

Washington, D.C.  20530

July 11, 2020

Honorable Michael E. Gans
Clerk, U.S. Court of Appeals
 for the Eighth Circuit
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Room 24.329
St. Louis, MO 63102

Re:    *United States v. Daniel Lewis Lee*, No. 20-2351

Dear Mr. Gans:

Pending before the Court is an application by defendant Daniel Lee seeking a certificate of appealability to appeal the district court's denial of his motion to reopen his 28 U.S.C. § 2255 proceedings to raise a new *Brady* claim or, in the alternative, authorization to raise that *Brady* claim in a successive § 2255 motion. The government submits this letter in accordance with Federal Rule of Appellate Procedure 28(j) to inform the Court of a relevant ruling earlier today by the district court. Dkt. 1428.

In that ruling, the district court rejected Lee's request to order DNA testing to determine whether a hair collected by the government from raid gear in Chevie Kehoe's possession belonged to Paul Humphrey. Dkt. 1428. As relevant here, the court concluded that DNA testing connecting the hair to Humphrey "would not make it less likely that Mr. Lee was part of the Mueller murders" and "would not suggest that Mr. Humphrey was the killer instead of Mr. Lee or instead of both Mr. Lee and Mr. Kehoe." *Id.* at 15-16. The court emphasized that "[t]he evidence against Mr. Lee remains overwhelming today." *Id.* at 16. The court also stated that it did "not believe that the polygraph results alter the overwhelming evidence of Mr. Lee's guilt or change the calculus . . . regarding additional DNA testing." *Id.* at 6-7 n.6

The district court's determinations further support the government's arguments (Dkt. 1367, at 74-80) that even if Lee could demonstrate a defect in the integrity of the § 2255 proceedings to raise a new *Brady* claim without regard to § 2255(h), he cannot establish a *Brady* claim because there is no reasonable probability that the alleged new evidence (the results of the polygraph test) would have changed the result of Lee's trial. The court's determinations also support the

government's argument that Lee is not entitled to authorization to file a successive § 2255 motion because the polygraph results are not "sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found [Lee] guilty of the" Mueller murders. 28 U.S.C. § 2255(h)(1).

Respectfully submitted,

/s/John M. Pellettieri
John M. Pellettieri
U.S. Department of Justice
Criminal Division, Appellate Section
950 Pennsylvania Avenue, NW
Room 1258
Washington, DC 20530
(202) 307-3766

cc:    George G. Kouros (via ECF)
       Morris H. Moon (via ECF)

2